THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* MARINI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Aggravated Assault and Battery.

No. 734.—Decided January 19, 1915.

AGGRAVATED ASSAULT AND BATTERY—COMPLAINT—INFERENCE.—Although a complaint does not require the same particularity as an information, nevertheless when a statute enumerates in plain and unequivocal language the facts which would make a simple assault an aggravated one, said facts must be set forth clearly in the complaint and should not be left to inference.

ID.—NOSCITUR A SOCIIS—MEETING PLACE.—The idea of subdivision 2 of section 6 of the Act to define and punish aggravated assault and battery, following the principle of *noscitur a sociis,* is to prevent rough or riotous occurrences in a meeting-place or assembly and to punish with greater severity any person who disturbs the peace and quiet of such meeting-place or assembly by assaulting and beating another human being.

ID.—MEETING-PLACE.—Subdivision 2 of section 6 of the Aggravated Assault and Battery Act does not apply to each and every concourse of people in the street or otherwise, but to a meeting-place, like courts, churches, theatres and the like, and the mere presence of old men, women and children does not create the circumstances of aggravation set forth in the said subdivision.

ID.—INSULTING WEAPONS.—That which really constitutes the crime of aggravated assault and battery under subdivision 6 of section 6 of the act is the use

of a weapon calculated to inflict disgrace upon the victim; and when it is sought to allege that a person used a whip, cowhide, cane or similar weapon, it must be so stated in clear terms in the complaint.

GENERIC TERM—INSULTING WEAPONS.—The use of the word "stick" (*palo*) in a complaint charging assault and battery, does not imply that an insulting weapon was used in the commission of the offense, for said word, being the generic one, not only means "cane" (*bastón*), but any other wooden instrument, such as a club, a branch of a tree or a base-ball bat.

The facts are stated in the opinion.

*Mr. Salvador Mestré, fiscal,* for The People.

*Mr. Leopoldo Feliu* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the first error assigned is the failure of the district court to sustain a demurrer to the complaint. The complaint specifically charged the defendant, Vidal Marini, with the crime of assault and battery with aggravated circumstances, committed under the following circumstances, to wit:

That on April 4, 1914, about 11 p. m. and on McKinley Street in the city of Mayagüez, judicial district of Mayagüez, P. R., the said Vidal Marini voluntarily, maliciously and without just cause and with the intention of causing great bodily injury to Isaac Irizarry Sasport, assaulted and battered the latter with a stick (*palo*), inflicting a wound on the right frontal bone and a contusion on the right arm, of which wound and contusion he was cured at the Emergency Hospital of said city, and that such offense was committed while the people who had attended a performance in the Yagüez Theatre were emerging therefrom on the night of said date, the defendant giving no heed to the fact that a great number of ladies, girls and old men were likewise coming out.

The appellant concedes that the complaint charges clearly an assault and battery, but he insists that there was no charge of an aggravated assault and battery. We have generally held that where a complaint is preferred the same particularity cannot be required thereof as of an information, but there are exceptions. Where a statute enumerates in plan

and unequivocal language the facts that would make a simple assault an aggravated one, such facts must be set forth clearly in the complaint. They must not be left to inference. The Act of March 10, 1904 (Session Laws of 1904, page 50), sets out ten separate and distinct cases in which a simple assault becomes aggravated, and to convict a defendant of aggravated assault and battery he must be charged specifically with one of such cases, especially when the penalty is increased from a maximum of $50 in the case of simple assault and battery to a maximum fine of $1,000, or two years in jail, for aggravated assault and battery.

The Government seeks to show that the aggravated circumstances are those set forth in paragraphs 2 and 6 of section 6 of the Act of March 10, 1904. Section 6 and the pertinent paragraphs are as follows:

"Section 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:

\*        \*        \*        \*        \*        \*        \*

"2. When committed in a court of justice, or in any place of religious worship, or in any place where persons are assembled for the purpose of innocent amusement;

\*        \*        \*        \*        \*        \*        \*

"6. When the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip, cowhide or cane."

This complaint charges that the offense was committed on the street at a moment when various persons, among them ladies, girls and old men, were coming out of a theatre. The crime was not committed in a court of justice, in a place of religious worship, or in any place where persons were assembled for the purpose of innocent amusement. The defendant was not of or in the assembly. The assembly was over and the people were coming away from it. The idea of this section, following the principle of *noscitur a sociis*, was to prevent rough or riotous occurrences in a meeting-place and to punish with greater severity a person who

disturbed the peace and quiet of such meeting-place or assembly by assaulting or battering another human being. Section 2 does not apply to each and every concourse of people, in the street or otherwise, but to a meeting-place, like courts, churches, theatres and the like. If the assault and battery had taken place within the theatre it would have been an aggravated one, but the mere presence of old men, women and children on the street does not create the circumstances of aggravation set forth in paragraph 2 of section 6.

When we come to consider paragraph 6 of section 6 of the Act of March 10, 1904, we see that the gravamen of the offense consists in the use of a weapon that inflicts disgrace upon the person assaulted. What the law says to a man is: "While you may carry a cane, a cowhide or a whip, yet you use one on a fellow being with great risk. They are instruments that are used for support or for the punishment of animals and, at one time, of slaves. Their use on another human being is degrading. Hence while you may carry a cane, you must not use it on another human being without adequate provocation." It follows, naturally, that when the Government wants to allege that a cowhide, whip or cane has been used, it must do so in clear terms.

Now, it may be true, as the Government urges, that the word "*palo*" (stick) would be used to describe the employment of a *bastón*, or cane, in popular language, but the question before us in this complaint is, Was the defendant in any way apprised that the circumstance of aggravation in his case was his use of a cane or *bastón?* The word "*palo*," or "stick," is the generic one. It may mean a cane, but it also necessarily means a club, a branch of a tree, a baseball bat or other wooden instrument. The idea of paragraph 6, as we have seen, is the use of an insulting weapon. A defendant has the right to know that he is charged with having used a weapon calculated to inflict not only injury but disgrace upon his victim. The law seeks to preserve the peace by heavily penalizing the assault and battery that attempts

to disgrace ·a man. The law· likewise protects those inno-
cent of a particular offense. ·If,· for instance, A is offended
by B and seizes the nearest stick he can· find and strikes B,
if he were charged with having beaten B with a stick he might
be willing to stand trial without witnesses and take the con-
sequences. If B ignorantly· or maliciously tries to show that
the offense was committed by the use of a cane,· then A must
be given the opportunity of presenting counterproof. If A
thought he was merely to be charged with simple assault
and he was endeavoring 'to prove threats and provocation
by B, he might not call in the persons· who saw the blow
inflicted. But if he is charged with having assaulted B with
a cane, then he might find it expedient to show by the onlook-
ers that the fact was otherwise, no cane .being used. In this
case the defendant was given no notice that he was charged
with the use of a weapon specially calculated to inflict dis-
grace, because *"palo"* or *"stick"* may mean any number
of things.

We might, perhaps, have a doubt in this case if the com-
plaint read that the defendant was guilty of an aggravated
assault and battery, inasmuch as he hit the prosecuting wit-
ness with a stick and produced wounds, and nothing else
was included in the complaint. The complaint, however, im-
perfectly attempts to charge an offense under paragraph 2.
In our opinion, the defendant might very well have supposed
that he was charged with the disturbance of a public or *quasi-*
·public assembly. No emphasis is laid on the word *"palo"*
and there are no special words to indicate that the assault
inflicted disgrace on the victim. Not only might the defend-
ant think that it was an attempt to ·set out the aggravation
in paragraph 2, but he might have a doubt as well whether
the aggravation sought to be established was not the one
mentioned in paragraph 7 as follows:

"7. When a serious bodily injury is inflicted upon the person
assaulted."

The complaint charges that the act was done with the intention of causing Sasport great bodily injury. The complaint also threw in some ambiguous references to women, girls and children. We refer to these ambiguities because we think the use of them in the complaint made it impossible for a defendant to realize that by the casual use of the word *"palo"* he was to know that *"cane"* or *"bastón"* was meant.

The judgment must be reversed and the case sent back for a new trial and for other proceedings not inconsistent with this opinion.

> *Judgment reversed and case remanded for a new trial and for other proceedings not inconsistent with this opinion.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison did not sit at the hearing on this case.